UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ARMANDO RUIZ-COTA,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 4:19-cv-00246-DCN<br>         4:18-cr-00264-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I.   INTRODUCTION

Pending before the Court in the above-entitled matters is Petitioner Armando Ruiz-Cota's Motion to Vacate, Set Aside, or Correct Sentence under § 2255 (CR-264, Dkt. 25; CV-246, Dkt. 1).[1] The parties have filed their responsive briefing on the Motions and/or the time for doing so has passed. For the reasons set forth below, the Court denies the motion.

## II.   BACKGROUND

On August 28, 2018, a federal grand jury indicted Ruiz-Cota on one count of deported alien found in the United States in violation of 8 U.S.C. § 1326(a) and (b). CR-264, Dkt. 1. On November 16, 2018, Ruiz-Cota entered into a plea agreement. CR-246, at 15. On December 20, 2018, the Court accepted his plea of guilty. CR-246, at 17. On March 25, 2019, the Court held a sentencing hearing for Ruiz-Cota. CR-246, Dkt. 59. The Court

---

[1] In this Order, "CR-227" is used when citing to the criminal case record in 4:18-cr-00264-DCN and "CV-246" is used when citing to the civil case record in 4:19-cv-00246-DCN.

sentenced Ruiz-Cota to 12 months and a day with no supervised release to follow. *Id*. Ruiz-Cota did not appeal.

On July 1, 2019, Ruiz-Cota timely filed his pending § 2255 petition. CR-246, Dkt. 25; CV-264, Dkt. 1. The Government responded to Ruiz-Cota's petition. CV-464, Dkt. 5. Ruiz-Cota did not file a reply.

### III. MOOTNESS

Ruiz-Cota filed his § 2255 petition while incarcerated. He asserts his counsel was ineffective on three grounds: (1) his counsel failed to investigate whether the petitioner's earlier removal proceedings were lawful, despite Ruiz-Cota's request that he do so; (2) counsel misadvised Ruiz-Cota by telling him that since the crime of conviction did not involve violence, that "it did not qualify for deportation"; and (3) counsel did not fully inform the petitioner of the terms of the plea agreement and co-counsel inflicted emotional distress by his "combative and domineering demeanor" and pressured him into entering a plea that was not knowingly or intelligently made. CV-246, Dkt. 1, at 3–4.

On July 17, 2019, Ruiz-Cota appears to have been released from the United States Bureau of Prisons and subsequently deported. CV-464, Dkt. 6. The Government confirmed that Ruiz-Cota was removed from the United States to Mexico on July 27, 2019. CV-464, Dkt. 11, at 7. The Government contends that because Ruiz-Cota is no longer incarcerated or on parole, and because Ruiz-Cota would have been deported even absent the offense he was sentenced for in this case, the case is moot. *Id*.

An incarcerated or paroled convict's challenge to his conviction always satisfies the case-or-controversy requirement because of the concrete injury resulting from the

MEMORANDUM DECISION AND ORDER-2

restrictions inherent in incarceration or parole. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). However where, as here, the convict's sentence has expired, "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Id.* Collateral consequences "might include subjection to laws that restrict certain trades and licenses to non-felons, to laws that bar service as a public official or on a jury, that disfranchise felons from voting, or that bar service in the armed forces." *United States v. Mejia*, No. 1:10-CR-00256-RCL-3, 2020 WL 6870099, at *4 (D.D.C. Nov. 23, 2020) (citing *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968)); *see also United States v. Dunshee*, 120 F. App'x 199, 200 (9th Cir. 2005) (noting "the various restrictions inherent in a past conviction, such as the deprivation of the right to vote, to hold office, serve on a jury, or engage in certain businesses, are sufficiently widespread to justify a presumption that an individual continues to suffer a concrete injury flowing from the conviction even after expiration of the sentence").

In a challenge to a criminal conviction, courts typically presume the existence of collateral consequences that the court could redress with a favorable decision even after expiration of the sentence. *Id.* at 7–8. In cases such as this one, the Ninth Circuit has held that "the case or controversy is satisfied where the petitioner is deported, so long as he was in custody when the habeas petition was filed and continues to suffer actual collateral consequences of his removal." *Zegarra-Gomez v. I.N.S.*, 314 F.3d 1124, 1127 (9th Cir. 2003).

The question in this case, then, is whether, due to his sentencing in the underlying criminal case, Ruiz-Cota suffers collateral consequences of his removal. As Ruiz-Cota is

MEMORANDUM DECISION AND ORDER-3

not a citizen, he does not suffer from deprivations of the right to vote, hold office or serve on a jury due to his guilty plea. However, he may suffer from the "obvious collateral consequence" from his deportation: "the inability to seek to return to the United States for twenty years," which is a "concrete disadvantage imposed as a matter of law[.]" *Id*.

The Government contends Ruiz-Cota "was an illegal alien and subject to deportation for that reason alone," that is, even absent his plea of guilt, he would have been deported. CV-246, Dkt. 11, at 8. This is a compelling point. The Court agrees with the Government that Ruiz-Cota's petition is moot if, as the Government contends, his "most recent deportation was not the result of his most recent conviction, but was because of his previous deportations and convictions."

The Government provided an affidavit of Ruiz-Cota's trial counsel in which counsel affirmed that immigration proceedings had been initiated against Ruiz-Cota in 2015. CV-246, Dkt. 11-1, at 1. He attached as an exhibit a copy of an immigration judge's July 5, 2015 order of removal (*id.*, at 35), as well as a copy of the Board of Immigration Appeals' October 13, 2015 decision affirming the immigration judge's order of removal. *Id*., at 38. The Board of Immigration Appeals noted that Ruiz-Cota "has conceded he is subject to removal from the United States as charged." *Id*.[2] Ruiz-Cota did not respond to the Government's briefing.

The Government has provided undisputed evidence that that an immigration judge

---

[2] Probation also noted, in its Presentence Investigation Report, that "[a]ccording to the defendant's immigration file, he was previously removed from the United States on October 26, 2015, June 2, 2016, July 15, 2016, and November 4, 2016." CR-264, Dkt. 19, at 3. Ruiz-Cota's counsel also noted in his affidavit that he discussed the four prior removals with Ruiz-Cota on several occasions. CV-246, Dkt. 11-1, at 1.

ordered Ruiz-Cota removed in 2015 and that Ruiz-Cota's counsel investigated the legality of that prior removal order. *See generally*, CV-246, Dkt. 11-1. Under 8 U.S.C. § 1231(a)(5):

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

Reinstatement "can be performed like any other ministerial enforcement action. The only question is whether the alien has illegally reentered after having left the country while subject to a removal order." *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 491 (9th Cir. 2007). Ruiz-Cota had been removed four times, prior to his deportation in 2019, since the Board of Immigration Appeals affirmed the immigration judge's removal order. The Government had grounds entirely separate from the sentence and conviction in the underlying criminal case to remove Ruiz-Cota. Thus, Ruiz-Cota has not presented evidence that he suffers any collateral consequences of his conviction. As there is no live controversy in front of the Court, the Court DENIES Ruiz-Cota's § 2255 petition as MOOT.

## IV. CERTIFICATE OF APPEALABILITY

Petitioner cannot appeal from the denial or dismissal of his § 2255 Motion unless he first obtains a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A certificate of appealability is warranted when "jurists of reason could disagree with the district court's

resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003); 28 U.S.C. § 2253(c). No such showing has been made in this case and, therefore, the certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).

## V. ORDER

IT IS HEREBY ORDERED:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Dkt. 1, Case No. 4:19-cv-00246-DCN) (Dkt. 25, Case No. 4:18-cr-00264-DCN) is **DENIED**. The Clerk of the Court is directed to file this Order in both the criminal and civil cases.

2. The Certificate of Appealability is **DENIED.**

DATED: February 24, 2021

David C. Nye
Chief U.S. District Court Judge